UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Nanda Shivananjappa** <br><br> Plaintiff, <br><br> v. <br><br> **Rajendra Bhayani,** <br> **Thomas P Abode,** <br> **Craig Corson,** <br> **Alyssa Bartholomew,** <br> **Anuj Sharma Esq.,** <br> **Angelo Sarno Esq.,** <br> **Shahab Sheikh Esq.,** <br> Defendanta. | Civ. No. 21-17005 <br><br> **OPINION & ORDER** |

### KEVIN MCNULTY, U.S.D.J.:

This *pro se* complaint, totaling hundreds of pages of allegations and exhibits, was deposited with the clerk late yesterday but has not yet been docketed. It is prefaced by a document titled "Emergent Motion," and accompanied by a motion to be granted *in forma pauperis* status. Because the matter is declared to be emergent, I will write quickly and briefly. I interpret the Emergent Motion as one for a temporary restraining order (TRO). For the following reasons, the motion is **DENIED**.

### BACKGROUND

I can give only the barest summary of the allegations that seem most pertinent. At bottom, this is a family law matter concerning divorce and child custody, currently pending in state family court. Much of the complaint is devoted to wrongs perpetrated against the plaintiff by her husband, or ex-husband, defendant Rajendra Bhayani. The plaintiff objects to various rulings of the state court, which has not, or has not sufficiently, dealt with those

wrongs. She objects to being subjected to court orders for, e.g., medical examinations of herself and the child, or appointment of a guardian ad litem. Much of the time, the nature of the objection is that the court appears to be considering her husband's allegations and poising the matter for a decision, instead of merely accepting her position.

The dispute seems to have originally involved a religious marriage that was, at least at first, nonpublic. There is an unclear reference to a divorce. Plaintiff accuses the husband of neglect and states that he has ample financial resources to support her and the child.

The complaint is far broader, but here is the relief sought on the emergent motion:

A. Immediate Stay on all of the existing orders in this matter by the trial court, NJ. and order to take the minor child with her passport to a location other than the normal courtroom at the family court.

B. lmmediate Injunction and transfer of the litigation Shivananjappa Vs Bhayani to US District Court Newark NJ.

C. Granting Anticipatory bail on arrest orders and separation of child from me, by the Family Court Judge at Middlesex County, NJ.

D. Immediately Preventing Defendant and his associates to subject minor child , E.B and plaintiff to unwarranted medical and psychological tests.

E. Immediate Stay on acquisition of Minor's passport by the defendant's attorney Bartholomew.

F. Immediate stay on eviction from the conjugal home units 287 and 288 Nebula Road, Piscataway NJ.

G. Ordering the defendant to address all breaches of contract immediately.

H. Immediate Stay on GAL's appointment and Reporting of Non Discoverable private investigations and sealed custody proposal by the GAL.

I. Ordering the defendant to answer the properly served subpoena.

J. Immediately Restraining Defendant and his associates access to the minor child E.B, son D V and the plaintiff.[1]

## STANDARD

A district court may issue injunctive relief in the form of a TRO. Fed. R. Civ. P. 65(b)(1). A TRO may be issued without notice to the adverse party but usually expires after 14 days. Fed. R. Civ. P. 65(b)(1), (2). A party seeking a temporary or preliminary injunction must demonstrate: (1) a reasonable likelihood of success on the merits; (2) the prospect of irreparable harm in the absence of an injunction; (3) that this harm would exceed harm to the opposing party; and (4) that the public interest favors such relief. See, e.g., *Sciele Pharma Inc. v. Lupin Ltd.*, 684 F.3d 1253, 1259 (Fed. Cir. 2012); *Antares Pharma, Inc. v. Medac Pharma, Inc.*, 55 F.Supp.3d 526, 2014 WL 3374614, at *2 (D. Del. 2014).

All factors are considered, but a showing on the first two is the key, threshold issue. For a TRO to issue, the movant must provide "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard." Fed. R. Civ. P. 65(b)(1)(A). In addition, courts ask whether the movant can show "a likelihood of success on the merits of [her] claim." *Durel B. v. Decker*, 455 F. Supp. 3d 99, 106 (D.N.J. 2020).

## DISCUSSION

Plaintiff is not entitled to an immediate TRO because she has not "clearly show[ed]" a likelihood of success on the merits or "immediate and irreparable injury." Fed. R. Civ. P. 65(b)(1)(A). I stress that I am looking at likelihood of success through the narrow issue of entitlement to immediate injunctive relief. The court cannot resolve every factual dispute or complaint, some of them going back for years, that are suggested by the plaintiff's voluminous filing.

---

[1] Also demanded is an order requiring that Attorney Anuj Sharma Esq. to withdraw immediately from representing the plaintiff at the USCIS and Immigration courts and releasing all the paperwork filed on the plaintiff's behalf.

3

The major form of relief sought is transfer of the family court proceeding to this court, to be followed by this court's entry of rulings contrary to those entered by the state court. Plaintiff has not shown any entitlement, clear or otherwise, for such a transfer. Removal as such is not appropriate. No notice of removal has been filed. In addition, the family court action has been pending for some years. Any notice of removal was required to have been filed within a short deadline, generally 30 days after service of the complaint. 28 U.S.C. § 1446(b). Nor does it appear that this court would have jurisdiction over this family court matter. Family law is, of course, state law. Complete diversity of citizenship between plaintiff and all defendants would be required to confer federal jurisdiction over a state law case. 28 U.S.C. § 1332. That does not appear to be the situation here; certain of the defendants, such as the state court judges, are surely New Jersey citizens, like plaintiff. Even if the only parties to the case were Plaintiff and defendant Bhayani, and even if those two were of diverse citizenship, the domestic relations exception would bar this court from asserting diversity jurisdiction over the case. *Ankenbrandt v. Richards*, 504 U.S. 689 (1992) (domestic relations exception applies to "cases involving the issuance of a divorce, alimony, or child custody decree").

A matter may also properly be heard in federal court, however, if a federal question is presented. The complaint cites a bewildering variety of federal statutes and regulations, as well as state law tort theories. Many or most are facially inapplicable; plaintiff cites, for example, federal criminal statutes with no civil remedy, or prohibitions applicable only to federal court proceedings. A civil rights action under 42 U.S.C. § 1983 is available to redress deprivations of federal constitutional and other rights. Still, a federal district court does not sit to correct or hear appeals from a state trial court. And the plaintiff's complaints about interlocutory rulings in her case, or the manner in which it is being handled, do not on their face suggest a deprivation of due process, *i.e.,* basic notice and the right to be heard. The few relevant documents attached indicate that the state court judge has entered balanced rulings, following hearings, in which the judge, for example, provided for

appointment of a guardian ad litem at defendant's expense, permitted limited visitation with the child, and ordered various forms of examinations and discovery to position the matter for a hearing. A hearing is apparently imminent. I take no position on the merits, of course. But even if plaintiff is wholly correct, she must nevertheless submit to the court's processes for determining whether that is so.

In short, the plaintiff has demonstrated no likelihood of success on any claim that would support the relief requested here: that this court should take over the decision making process in this family law case.

Other claims are more naturally considered in connection with irreparable injury. Many, to the extent they are causes of action at all or could be heard by this court, involve financial harm, and hence would not give rise to a claim of irreparable injury. Although the plaintiff is dissatisfied with the state court, it has not yet ruled on her claims. The only short-run "harm" to which plaintiff is subject is the state judicial process; that the court will rule against her on custody or other matters is speculative at this point. Moreover, any legal or procedural error in the state court process is subject to correction through the ordinary processes of reconsideration or appeal.

## ORDER

For the reasons set forth above,

IT IS this 16th day of September, 2021

ORDERED that the motion for emergent TRO relief is denied.

The case will proceed in the ordinary course.

/s/ Kevin McNulty

_____

**Hon. Kevin McNulty**
**United States District Judge**