UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NANDA SHIVANANJAPPA,**<br><br>   Plaintiff,<br><br>   v.<br><br>**RAJENDRA BHAYANI,**<br>**THOMAS P. ABODE,**<br>**CRAIG CORSON,**<br>**ALYSSA BARTHOLOMEW,**<br>**ANUJ SHARMA ESQ.,**<br>**ANGELO SARNO ESQ.,**<br>**SHAHAB SHEIKH ESQ.,**<br><br>   **Defendants.** | Civ. No. 21-17005 (KM) (ESK)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

Nanda Shivananjappa, alleging various injuries in connection with a New Jersey Family Court proceeding, has filed an action naming Rajendra Bhayani, Judge Thomas P. Abode, Judge Craig Corson, Alyssa Bartholomew, Anuj Sharma, Angelo Sarno, and Shahab Sheikh as defendants. She has been granted *in forma pauperis* status. Also before the Court is Shivananjappa's motion to appoint pro bono counsel.

Federal district courts are not courts of appeal from adverse rulings in state family court. For the reasons expressed below, I will dismiss Shivananjappa's amended complaint on initial screening and deny Shivananjappa's motion to appoint pro bono counsel.

**I. Summary**

On September 14, 2021, Shivananjappa, *pro se*, filed an initial complaint in this action, titled "Emergent Motion," along with a motion to be granted *in forma pauperis* status. (DE 1.) The next day, Shivananjappa also filed a motion to appoint pro bono counsel. (DE 8.)

On September 16, 2021, I interpreted the Emergent Motion as one for a temporary restraining order, which I denied. (DE 4.) That same day, I granted Shivananjappa's application to proceed *in forma pauperis*, relieving her of the obligation to tender the filing fee. (DE 2.)

On September 26, 2021, Shivananjappa filed an amended complaint against the same defendants named in the Emergent Motion. (DE 9.) The Court will simultaneously review both the amended complaint pursuant to 28 U.S.C. § 1915 and Shivananjappa's pending motion to appoint pro bono counsel.[1]

## II. Standard of Review

A complaint must contain "a short and plain statement" both "of the grounds for the court's jurisdiction" and of "the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a). The court must raise the jurisdictional issue *sua sponte* where appropriate. *See Liberty Mut. Ins. Co. v. Ward Trucking Co.*, 48 F.3d 742, 750 (3d Cir. 1995); Fed. R. Civ. P. 12(h)(3). The failure to plead a claim entitling the plaintiff to relief comes up via initial screening.

Because the Court has granted *in forma pauperis* status, I am obligated to screen the allegations of the amended complaint to determine whether it:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). That screening provision applies to all individuals who are proceeding *in forma pauperis*. *See, e.g., Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 n.19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)").

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a

---

[1] Thereafter, she filed an addendum to the amended complaint (DE 10), exhibits to the amended complaint (DE 11), and a letter to the Court (DE 13).

complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana,* 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir. 2000)). That familiar standard requires that a complaint plead facts, not conclusions, with plausibility. *See Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).

An assessment of subject matter jurisdiction based on the face of the complaint, without extrinsic proofs, is reviewed under a standard similar to that of Rule 12(b)(6). A court accepts the facts alleged in the pleading as true and draws all reasonable inferences in favor of the non-moving party. *N.J. Carpenters & the Trs. Thereof v. Tishman Constr. Corp. of N.J.,* 760 F.3d 297, 302 (3d Cir. 2014). As always, *pro se* pleadings are construed liberally. *Haines v. Kerner,* 404 U.S. 219 (1972). *Pro se* complaints are nonetheless bound to the "essential obligation" of facial plausibility. *Garrett v. Wexford Health,* 938 F.3d 69, 92 (3d Cir. 2019); *see also Walker v. Schult,* 717 F.3d 119, 124 (2d Cir. 2013) (noting that a *pro se* complaint is "construed liberally 'to raise the strongest arguments [it] suggest[s]," but must still "state a plausible claim for relief" (citations omitted)).

### III. Factual Allegations

The amended complaint is related to child custody proceedings between Shivananjappa and Bhayani, currently pending in the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County. Shivananjappa and Bhayani were allegedly married in a Hindu religious ceremony in 2016. (*See* DE 9-1 at 24.) They have since divorced and currently are involved in litigation over the custody of their daughter.[2]

The amended complaint alleges numerous injuries caused by Bhayani to Shivananjappa and their daughter during child visitation meetings on September 16, 2021, and September 19, 2021. (DE 9 at 3.) Shivananjappa also objects to a Family Court order which, she argues, was entered without the

---

[2]   Although both the Emergent Motion and the amended complaint make reference to the divorce, it is unclear when this divorce occurred.

benefit of information concerning Bhayani's alleged history of elderly abuse, purportedly reported by the Federal Bureau of Investigation and the United States Department of Health and Human Services in January 2020. (DE 9 at 4.) The amended complaint names the following defendants: (1) Bhayani; (2) Judge Abode and Judge Corson, both of the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex; (4) Alyssa Bartholomew, counsel for Bhayani in the Family Court proceedings; (5) Angelo Sarno, former counsel for Bhayani in the Family Court proceedings; and (6) Anuj Sharma, and Shahab Sheikh, lawyers who have previously represented Shivananjappa in Family Court and/or immigration proceedings.

The relief sought in the amended complaint is as follows:

1. P.R.O against the Defendant Rajendra Bhayani, Co-Defendants, Psychologists, and his associates/accomplices. Visitation supervising psychologists in the order Victoria White, in GAL report Ms. Patel of Somerset.
2. Squashing any arrest warrant entered after the audio hearing on 09-16-2021 and pleading 5th, violating Litigant's Rights including Rights to Discovery, Tax Transcripts, Criminal History, Family History, Fraud, existing investigations, sanctions, history of elderly abuse by the defendant.
3. Preventing all requests and orders subjecting minor child E.B. and plaintiff to unwarranted medical and psychological tests – preventing Medical Abuse.
4. Granting Shelter in Place for the Plaintiff, Her children Dhyan and Eva at the conjugal home units 287, 288 Nebula road, Piscataway NJ until an alternate arrangement is made.
5. Immediate injunction and transfer of the litigation Shivananjappa Vs Bhayani to US District Court Newark NJ.
6. Preventing the Police to break into house to arrest me in front of children and execute orders entered by violation of Litigant's rights, civil rights, falsifying facts and ignoring evidence.

7. Immediate Stay on all of the existing orders in this matter by the trial court, NJ, and order to protect the minor child from attending court procedures with her passport.

8. Ordering the Trial court to produce a copy of the arrest warrant issued with the reasons.

9. Any other relief the court seems just.

Attached to the amended complaint are two exhibits compiling various documents, including in part: (1) filings, orders, opinions, correspondence, and transcripts related to the Family Court proceedings; (2) the Emergent Motion; and (3) a press release issued by the United States Attorney's Office for the Eastern District of New York concerning a civil settlement between Bhayani and the United States for $1,109,000 to resolve kickback and fraudulent billing allegations.

## IV.  Discussion: The Amended Complaint

### A. Subject Matter Jurisdiction

The amended complaint fails to state a claim because it reveals on its face that the Court lacks subject matter jurisdiction. Shivananjappa indicates that the basis for jurisdiction is both diversity of citizenship and the existence of a federal question.[3]

### i. *Diversity Jurisdiction*

After examining the amended complaint, I find that complete diversity of citizenship is lacking between Shivananjappa and defendants. 28 U.S.C. § 1332(a); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806) (complete diversity of citizenship between all plaintiffs and all defendants required).

---

[3]  *See* DE 9 at 2 (stating that reference to the basis for subject matter jurisdiction could be found in the "emergent motion application"); DE 1 at 1 ("Plaintiff brings this suit pursuant to Federal Jurisdiction of the matter, Diversity, Violation of the following rules of the Federal Constitution, by the defendant and co defendants seeking 28 U.S.C. 2201 – Creation of Remedy, 28 U.S.C. 2202 – Further relief, Class action and any other relief court seems just.").

Shivananjappa and defendants Judge Abode, Judge Corson, and Alyssa Bartholomew are all New Jersey citizens.

Moreover, as expressed in my opinion denying the Emergent Motion (DE 4 at 4), even if Bhayani were the only defendant in this action, and the prerequisites of diversity jurisdiction were present, the domestic relations exception would bar this Court from asserting diversity jurisdiction. *Ankenbrandt v. Richards*, 504 U.S. 689 (1992). Courts have long recognized a domestic relations exception to federal diversity jurisdiction, *Matusow v. Trans-Cty. Title Agency*, LLC, 545 F.3d 241, 245 (3d Cir. 2008) (citing *Ankenbrandt*, 504 U.S. at 693-94), which implicates cases involving divorce, alimony, or a child custody decree. *See id.*; *Brown v. Brown*, 783 F. App'x 267 (3d Cir. 2019) (affirming dismissal with prejudice where plaintiff had "mistaken belief" that district court was "the next step in the appeals process for his child custody case" in state court), *cert. denied*, 141 S. Ct. 341; *Brookins v. Whatley*, No. CV171644, 2017 WL 3710064, at *2 (D.N.J. Aug. 28, 2017) (Plaintiff's statement that "I only want and need my children back" "would function as a child-custody decree that I subject to the 'domestic relations' exception" over which this Court cannot exercise subject-matter jurisdiction); *cf. Matusow*, 545 F.3d 241, 246 (3d Cir. 2008) (permitting claims for damages and to quiet title which related to divorce decree, but did not ask the court to alter the decree or contest its validity).

Here, Shivananjappa requests that I enjoin orders of the Family Court and transfer the Family Court proceedings to this Court, where I am to enter rulings contrary to the Family Court's orders. This Court does not have diversity jurisdiction to do so.[4] To the extent the Family Court has entered orders unfavorable to Shivananjappa, she may avail herself of the state appeals process.

---

[4] Shivananjappa has neither filed a notice of removal nor served the amended complaint on any of the defendants. 28 U.S.C. § 1446(b).

### ii.  Federal Question Jurisdiction

Federal question jurisdiction is similarly lacking. *See* 28 U.S.C. § 1331. The amended complaint asserts the same causes of action asserted in the Emergent Motion. (DE 9 at 2.) All but one of the federal statutes and regulations cited in the amended complaint are either facially inapplicable[5] or federal criminal statutes with no civil remedy.[6] Shivananjappa's section 1983 claim is the only avenue by which this Court could even potentially assert federal question jurisdiction.

42 U.S.C. § 1983 provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory … subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To state a claim for relief under section 1983, a plaintiff must allege: (1) the violation of a right under the Constitution or laws of the United States; and (2) that the person acting under color of state law committed or cause the alleged deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennyslvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994); *Ross v. Graf*, No. 19CV20534NLHMJS, 2021 WL 4452651, at *2 (D.N.J. Sept. 29, 2021).

---

[5]  *See* 25 CFR §11.406 (relating to Courts of Indian Offenses and Law and Order Code); 42 U.S.C § 3617 (Fair Housing Act cause of action); 10 U.S.C § 919b. Art. 119b. (child endangerment offense under the Uniform Code of Military Justice child endangerment charge); 10 U.S.C § 928b. Art. 128b (domestic violence offense under the Uniform Code of Military Justice).

[6]  *See* 26 U.S.C. § 7206 (criminal statute); 18 U.S.C § 2261 (criminal statute); 18 U.S.C § 1621 (criminal statute); 25 CFR § 11.402 (criminal offense under the Courts of Indian Offenses and Law and Order Code); 18 U.S.C § 875 (criminal statute);; 18 U.S.C § 1032 (criminal statute); 34 U.S.C § 10272 (criminal statute); 18 U.S.C § 1001 (criminal statute); 18 U.S.C § 287 (criminal statute); 18 U.S.C § 1503 (criminal statute).

Shivananjappa requests the following injunctive relief from this Court: (1) "Preventing all requests and orders subjecting minor child E.B. and plaintiff to unwarranted medical and psychological tests – preventing Medical abuse"; (2) "Immediate Injunction and transfer of the litigation Shivananjappa Vs Bhayani to US District Court Newark NJ"; (3) "Immediate Stay on all of the existing orders in this matter by the trial court, NJ, and order to protect the minor child from attending court procedures with her passport"; and (4) "Ordering the Trial court to produce a copy of the arrest warrant issued with the reasons." (DE 9 at 4.)

Shivananjappa seeks an injunction compelling actions by Judge Abode and Judge Corson, such as the rescinding of orders they have entered. Such relief is prohibited by § 1983 itself. "[I]n an action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief unavailable." 42 U.S.C. § 1983; *see also Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006); *Williams v. Ann Klein Forensic Ctr.*, No. CV189606PGSDEA, 2020 WL 614657, at *7 (D.N.J. Feb. 10, 2020). Because the injunctive relief requested by plaintiff only addresses the actions of Judge Abode and Judge Corson in their judicial capacities, the court lacks the jurisdiction to proceed under § 1983.

## V. Motion to Appoint Pro Bono Counsel

Shivananjappa also requests appointment of *pro bono* counsel. Indigent persons raising civil rights claims have no absolute right to counsel, and appointment of pro bono counsel is discretionary with the Court. *See Parham v. Johnson,* 126 F.3d 454, 456-57 (3d Cir. 1997). As a threshold matter, there must be some merit in fact or law to the claims the plaintiff is attempting to assert. *See Tabron v. Grace,* 6 F.3d 147, 155 (3d Cir. 1993).[7] For the reasons

---

7       In determining whether to appoint counsel, a court considers the following: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on

expressed above, that threshold showing has not been made here. The motion for appointment of pro bono counsel is denied.

## VI. Conclusion

For the reasons stated above, the amended complaint is **DISMISSED** upon initial screening pursuant to 28 U.S.C. § 1915(e). The dismissal is without prejudice to the submission, within 30 days, of a second amended complaint. Shivananjappa's motion to appoint pro bono counsel is **DENIED** without prejudice.

An appropriate order accompanies this opinion.

Dated: October 27, 2021

/s/ Kevin McNulty

**Hon. Kevin McNulty
United States District Judge**

---

credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See id.* at 155-56, 157 n.5; *see also Cuevas v. United States*, 422 F. App'x 142, 144-45 (3d Cir. 2011) (per curiam) (reiterating the *Tabron* factors).

9